**Not for Publication in West's Federal Reporter.**

# United States Court of Appeals
## For the First Circuit

No. 06-1871

ORLANDO COLON-JIMENEZ ET AL.,

Plaintiffs, Appellants,

v.

GR MANAGEMENT CORP. ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Stahl, Senior Circuit Judges.

Orlando Colon-Jimenez and Lydia E. Jimenez on brief pro se.
Ramón E. Dávila-Carlos on brief for appellees.

March 5, 2007

**Per Curiam**.  Pro se appellants Orlando Colon-Jimenez and his mother, Lydia E. Jimenez, timely appeal from the dismissal of their discrimination complaint against the company and individuals who manage the Proyecto Residencial Las Flores housing project in Aibonito, Puerto Rico, where they have lived for over twenty years. We affirm the entry of summary judgment for appellees essentially for the reasons stated in the district court's decisions dated October 13, 2005 and March 30, 2006, adding only the following.

Appellants claim that they each suffer from mental disabilities and that they requested a transfer to a different apartment at Las Flores as a reasonable accommodation of those disabilities.  Appellants further claim that appellees' denial of their transfer request constituted impermissible discrimination against them on the basis of their disabilities in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3613, and section 504 of the 1974 Rehabilitation Act, 29 U.S.C. § 794.[1]  In order to make out a prima facie case for failure to accommodate under the FHA, appellants bear the burden of establishing three things:  that the requested accommodation is (1) *reasonable* and (2) *necessary* to (3) afford the handicapped person *equal opportunity* to use and enjoy the housing.  Bryant Woods Inn v. Howard County, 124 F.3d 597, 603

---

[1]  Appellants have not appealed the dismissal without prejudice of their supplemental claims based on Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141-42.

(4th Cir. 1997); Schroeder v. Bertolo, 942 F. Supp. 72, 75 (D.P.R. 1996). But before a district court can assess whether a plaintiff has met his or her burden of establishing each of the elements of a prima facie case, the plaintiff must show that a special accommodation of a disability was, in fact, requested. A routine or "mundane" request, Reed v. LePage Bakeries, Inc., 244 F.3d 254, 260 (1st Cir. 2001), such as a request to transfer to a different apartment, does not rise to the level of a request for a reasonable accommodation unless the plaintiff specifically explains "how the accommodation requested is linked to some disability." Id. at 261.

Even after indulging all inferences in appellants' favor, our *de novo* review of the record shows that at the time appellants requested a transfer to apartment #G-5, and for several months after that request was denied, appellants repeatedly informed appellees that they needed the transfer in order to get away from conflicts with noisy neighbors, which they had been unable to resolve. Appellants claim that throughout this time, appellees were "well aware" of their disabilities and need for an accommodation. To be sure, there is evidence in the record that indicates that appellees made changes to appellants' apartment to make it physically more accessible for Lydia E. Jimenez, who was then 71 years old, and that Orlando Colon-Jimenez received Social Security disability insurance benefits. But such general "awareness" does not transform appellants' request to move to a

different apartment into a request for a reasonable accommodation. It is appellants' responsibility to put appellees "on notice by making 'a sufficiently direct and specific request for special accommodations.'" Gill v. Franklin Pierce Law School, 899 F. Supp. 850, 855 (D.N.H. 1995) (quoting Nathanson v. Med. Coll. of Pa., 926 F.2d 1368, 1381 (3d Cir. 1991)). Indeed, beyond asserting that appellants needed a quiet apartment in order to protect their mental health, it was never made clear precisely how the transfer request was linked to or made necessary by appellants' disabilities.

In view of the lack of evidence on this crucial point, the district court was correct in concluding that appellants' transfer request represents not "even-handed treatment," as required by the FHA, but an action that would give appellants "greater opportunity than nonhandicapped persons," Bryant Woods Inn, 124 F.3d at 604 (citing Southeastern Cmty. Coll. v. Davis, 442 U.S. 397, 410-11 (1979)), as transfers solely because of noise are not permitted as of right at Las Flores and, as the district court explained, virtually any tenant would prefer a quiet apartment over a noisy one. Because appellants have failed to show appellees' actions were discriminatory, their pretext claim also fails. Lewis v. Gillette Co., 22 F.3d 22, 25 (1st Cir. 1994) (per curiam). And, finally, we find no evidence of retaliation against appellants.

The district court also correctly dismissed appellants' due process claims. Appellants assert that appellees violated their procedural due process rights by failing to restore Orlando Colon-Jimenez to his mother's lease, yet nowhere in the record does it appear that Colon-Jimenez ever applied for admission to the Las Flores project after he voluntarily terminated his lease, nor does the record contain any facts indicating that appellees' admissions process was unavailable or inadequate. El Dia, Inc. v. Rossello, 20 F. Supp. 2d 296, 306 (D.P.R. 1998), aff'd, 165 F.3d 106 (1st Cir. 1999).

To the extent that appellants also claim violations of their substantive due process rights, we observe that, "[w]here, as here, a plaintiff's substantive due process claim challenges specific acts of a state officer, the plaintiff must show *both* that the acts were so egregious as to shock the conscience *and* that they deprived him of a protected interest in life, liberty, or property." Pagán v. Calderón, 448 F.3d 16, 32 (1st Cir. 2006) (citing Rivera v. Rhode Island, 402 F.3d 27, 34 (1st Cir. 2005)). There is no "conscience-shocking" conduct in this record, and appellants have not been deprived of housing -- they still reside in the apartment that was modified to accommodate Lydia E. Jimenez's physical disabilities.

The district court's grant of summary judgment is **affirmed.**

-5-