**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Scott Chandler

   v.                                      Civil No. 19-cv-36-PB
                                        Opinion No. 2019 DNH 150
Chartwell Holdings, Inc., et al.


**ORDER**

Invoking state and federal statutory, constitutional and common law, pro se plaintiff Scott Chandler has sued the owners and management of the apartment complex where he lives ("the Fairways defendants"), and his neighbors, alleging mistreatment and deficient living conditions. Chandler has also sued the Derry, New Hampshire, Police Department ("DPD"), DPD Officer Kidd (whose first name is unknown ("FNU")), and its police prosecutor, Scott Jordan ("the Derry defendants"), for their respective roles in eviction proceedings, in responding to Chandler's complaints about his living conditions, and in arresting him. Plaintiffs' complaint (Doc. No. 1) is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2). Also before the court are plaintiff's motion to appoint a special prosecutor (Doc. No. 9), plaintiff's motion for leave to amend his complaint and an addendum thereto (Doc. Nos. 12 and 19), his petition for writ of mandamus (Doc. No. 13), and two ex-parte petitions for injunctive relief (Doc. Nos. 16 and 17). The court also has before it the Fairways

defendants' motion to dismiss (Doc. No. 6) and plaintiff's motion for leave to file a late objection to that motion (Doc. No. 7).

## I.  Preliminary Review

### A.  Standard

The court conducts a preliminary review of complaints, like the plaintiff's, which are filed in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The court may dismiss one or more claims if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  Id. In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B.  Background

The plaintiff alleges that he is disabled and lives at The Fairways Apartments in Derry, New Hampshire, pursuant to a voucher program available to individuals receiving disability payments.  Although his twenty-one count complaint is disjointed, lacks a clear narrative and is often repetitive, the gist of his lawsuit is that he has been harassed by other

2

tenants, treated poorly by his landlord, and either ignored or harassed by the DPD.

## II.  **Analysis**

### A.  Claims against the Derry Defendants

Liberally construed, the complaint appears to assert a Fourth Amendment claim of false arrest and a Fourteenth Amendment due process claim against the DPD, the DPD prosecutor Jordan and DPD Officer Kidd under 42 U.S.C. § 1983.  That statute, "provides a cause of action for state deprivations of federal rights."  Nieves v. Bartlett, 139 S. Ct. 1715 (2019).

#### 1.  Fourth Amendment False Arrest Claims

Plaintiff alleges that on October 24, 2018, DPD officers arrested and jailed him for listening to the radio in a vehicle he had rented.  Complaint (Doc. No. 1) at 15.  He also alleges that DPD officers again arrested him on October 27, 2018 and charged him with "OUI" (presumably operating a motor vehicle under the influence).  Id.  Plaintiff implies that the second arrest was a form of harassment, perhaps by DPD Officer Kidd, connected to plaintiff's unsuccessful attempt to obtain a restraining order against one of plaintiff's neighbors.  Id.  Most recently, plaintiff alleges that he was arrested in January 2019 in response to a noise complaint.  Id. at 16.

3

The seizure of a person without probable cause may be cognizable as a false arrest that violates the Fourth Amendment. In general, "[a]n arrest is lawful if the police officer has 'probable cause.'" Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) (citation omitted).

> A police officer has probable cause when, at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.

Id. (internal quotation marks and citations omitted).

Chandler does not assert any facts regarding whether the officers who arrested him lacked probable cause, from which the court could complete its preliminary review of his Fourth Amendment false arrest claim. The court, however, cannot rule out the possibility that he may be able to assert such facts. Accordingly, the court grants Chandler leave to amend his complaint within thirty days to state facts sufficient to state a Fourth Amendment false claim upon which relief might be granted. Such an amendment must include the name of the arresting officer for each arrest in his complaint and facts regarding what happened when he was arrested, which could show whether the officer acted without probable cause or other legal authority in arresting plaintiff on October 24, 2018, October 27, 2018, and in January 2019.

4

## 2. Claims against the Derry Police Department

Plaintiff has named the Derry Police Department as a defendant. In a § 1983 case, a city or other local governmental entity cannot be subject to liability all unless the alleged harm was caused by the implementation of "official municipal policy." Lozman v. City of Riviera Beach, 138 S. Ct. 1945, 1951 (2018) (citing Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Therefore, a plaintiff who brings a section 1983 action against a municipality "must identify a municipal policy or custom that caused the plaintiff's injury." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (citations and internal quotation marks omitted). Although the allegations in the complaint do not demonstrate that the officers who arrested Chandler were acting pursuant to municipal custom or policy, the court cannot rule out that Chandler could state a plausible claim against those defendants upon which relief could be granted. Accordingly, the court grants Chandler leave to amend his complaint within thirty days to state facts sufficient to state a claim against the Derry Police Department. Chandler must clearly identify: (1) the alleged unconstitutional conduct of the DPD employees who were involved in his arrests in October 2018 and January 2019; and (2) how the DPD employees' conduct was the result of a DPD policy or custom.

5

### 3. Claim against Police Prosecutor Jordan

Although the caption of complaint names Derry Police Prosecutor Scott Jordan as a defendant, the body of the complaint lacks any factual allegations that could plausibly give rise to a viable claim against Jordan. See Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (observing that prosecutors are entitled to absolute immunity from claims arising out of their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976))). The court therefore dismisses this case as to Jordan.

### B. Claims Against Neighbors and Fairways Defendants

The bulk of Chandler's complaint targets various neighbors for harassing him and accuses the owner and managers of his apartment complex failing to take action against those tenants and to properly care for the premises. The complaint makes references to violations of criminal law, federal law protecting disabled persons, and state tort law.

### 1. Criminal law violations

As to accusations that any defendants violated state and federal criminal law, "[p]rivate citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advertised Price Antitrust Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda

6

R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (internal quotation marks and alterations omitted).  Because Chandler cannot state a private cause of action based on the named defendants' alleged violation of state or federal criminal laws, those claims are dismissed.

### 2. Fair Housing Act

The court liberally construes Chandler's multiple references to "harassment of a disabled person" as asserting violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.[1]  The FHA provides, in pertinent part, that it is unlawful "[t]o discriminate against any person . . . in the provision of services or facilities in connection with [a] dwelling," because of that person's "handicap."  42 U.S.C. § 3604(f)(2).  The FHA "contemplates three types of claims for perceived discrimination: 'disparate treatment, disparate impact, and failure to make reasonable accommodations.'"  Batista v.

---

[1]Although the complaint briefly mentions the Americans with Disabilities Act ("ADA"), see Complaint (Doc. No. 1) at 5, private residences, such as the one at issue here, are not "public accommodations" subject to the ADA.  See Kris v. Dusseault Family Revocable Tr., No. 18-cv-566-LM, 2018 WL 4031342, at *5 (D.N.H. Aug. 6, 2018); Krazinski v. Rob Roy Country Club Vill. Ass'n, No. 17-cv-2228, 2018 WL 3474528, at *6 (N.D. Ill. July 19, 2018).  To the extent plaintiff intends to state ADA claims against the Fairways defendants, such claims are dismissed for failure to state a claim upon which relief can be granted.

7

Cooperativa de Vivienda Jardines de San Ignacio, 776 F.3d 38, 43 (1st Cir. 2015) (citation omitted).

Construing the complaint liberally, plaintiff asserts that he is disabled[2] and that the Fairway defendants failed to provide him with reasonable accommodations. To establish a prima facie case of failure to accommodate under the FHA, a plaintiff must demonstrate: 1) that he or she is handicapped, as defined by 42 U.S.C. § 3602(h); 2) that the defendant(s) knew or should reasonably have known of that handicap; 3) that he or she requested a particular accommodation that is both reasonable and necessary to allow plaintiff equal opportunity to use and enjoy the housing in question; and 4) that the defendants refused to make the requested accommodation. Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev., 620 F.3d 62, 67 (1st Cir. 2010).

There are no factual allegations in the complaint suggesting that Chandler requested a reasonable accommodation. Similarly, there are no allegations that the apartment owners and managers, to the extent they were aware of plaintiff's disability, failed to provide him with any reasonable accommodation of his disability that he requested. Plaintiff alleges that a neighbor's noisy air conditioner was exacerbating

---

[2] The complaint suggests that plaintiff suffers from the effects of a traumatic brain injury. See Complaint (Doc. No 1) at 4.

8

his symptoms and that he complained to management that the noise constituted harassment.  Complaint (Doc. No. 1) at 5.  But there are no allegations that he ever linked the request to his disability, as opposed to generally asserting "that [he] needed a quiet apartment in order to protect [his] mental health . . . ."  Colon-Jimenez v. GR Mgmt. Corp., 218 F. App'x 2, 3 (1st Cir. 2007).

Plaintiff also alleges that neighbors stole his personal property and that the Fairways defendants did not promptly respond to his complaints about broken kitchen appliances.  But "[t]he Fair Housing Act does not . . . create some general federal cause of action governing landlord-tenant disputes." Palencar v. Rajiski, No. 15-cv-1189, 2016 WL 6908116, at *5 (M.D. Pa. Nov. 9, 2016).  A plaintiff cannot "merely describe a series of housing maintenance concerns in her complaint to state a claim under the FHA.  Instead, the plaintiff 'must plead some facts that plausibly link [these] housing maintenance concerns or dissatisfaction with landlord-tenant proceedings to . . . disability bias.'"  Id. (quoting Kitchen v. Phipps Houses Grp. of Cos., 380 F. App'x. 99, 101 (2d Cir. 2010));  see also Lee v. A & W Pritchard Enters., Inc., No. 3:07–514, 2009 WL 3484068, at *2 (W.D. Ky. Oct.23, 2009) (holding "if a person without the plaintiff's disability would be harmed in the same manner as a

9

person with the plaintiff's disability, there is no claim under the FHA.").

Here, Chandler's apartment maintenance complaints are not linked in any plausible way to intentional discrimination based on his disability, and the lack of allegations showing that he requested a reasonable accommodation of his disability that defendants denied precludes a finding that he has stated a cognizable FHA claim. Accordingly, his disability discrimination claims against the Fairways defendants are dismissed, without prejudice to plaintiff's ability to file an amended complaint in this case, within thirty days, in which he states sufficient factual allegations to state a reasonable accommodation claim upon which relief can be granted under the FHA against the Fairways defendants.

### 3. State Tort Law (Supplemental Jurisdiction)

Throughout his complaint, Chandler alleges that various neighbors engaged in acts of harassment that he has characterized as theft, vandalism, slander, libel, infliction of emotional distress and assault. Given that Chandler has failed to state a federal claim upon which relief might be granted in this matter, the court declines to exercise supplemental jurisdiction over the asserted state law claims. Initially, the court notes that the exercise of supplemental jurisdiction requires that that state law claims must be "so related" to the

10

federal claims that they form "part of the same case or controversy." 28 U.S.C. § 1367(a); see also Global NAPs, Inc. v. Verizon New England, 603 F.3d 71, 86 (1st Cir. 2010) (state law claims must arise under the same "common nucleus of operative fact" as plaintiff's federal claims). Here, Chandler's putative federal claims against the Derry defendants and his federal claims against the Fairway defendants are, at best, only tangentially related to his state law tort claims. Moreover, litigation of such claims in this action would require resolution of evidentiary issues and issues of state law that would "substantially predominate" over the claims remaining in this action. See 28 U.S.C. § 1367(c)(2). Accordingly, plaintiff's state law tort claims are dismissed, without prejudice to Chandler's ability to assert them in state court.

## III. Motions to Dismiss and Late Entry of Objection (Doc. Nos. 6, 7)

Because the court has dismissed without prejudice all the claims asserted against the Fairways defendants pursuant to 28 U.S.C. § 1915(e)(2), their motion to dismiss (Doc. No. 6) is denied as moot. This denial is without prejudice to defendants' right to raise any objection to any claim asserted by plaintiff, based on any proper ground, following the completion of the court's preliminary review. Plaintiff's motion for late entry

11

(Doc. No. 7) of his objection to that motion is also denied as moot.

## IV. Plaintiff's Motion for Special Prosecutor (Doc. No. 9)

Without citing any legal authority upon which he bases his request, plaintiff has moved the court to appoint a special prosecutor to charge and prosecute certain neighbors and officials for various civil and criminal transgressions. That motion (Doc. No. 9) is denied.

## V. Plaintiff's Petition for Mandamus (Doc. No. 13) and Motion for Leave to Amend (Doc. No. 12)

Plaintiff seeks a Writ of Mandamus and seeks leave to amend his complaint to add claims of malicious prosecution and obstruction of justice.  Construed liberally, both the petition and the proposed amendment seek relief from state court judgments.  The Rooker–Feldman[3] doctrine divests this court of jurisdiction over "'cases brought by state-court losers [complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and] inviting district court review and rejection of [the state court's] judgments.'"  Skinner v. Switzer, 562 U.S. 521, 532

_____

[3] See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

12

(2011) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)). As the <u>Rooker-Feldman</u> doctrine applies here, Chandler petition for writ of mandamus and motion for leave to amend his complaint are denied.

## VI. Plaintiff's Petitions for Ex-Parte Injunctive Relief (Doc. Nos. 16, 17)

In both of these petitions, plaintiff complains of action or inaction by the New Hampshire District, Superior and Supreme Courts. As with his mandamus petition and proposed amended complaint, the <u>Rooker-Feldman</u> doctrine applies here, and requires the court to deny these petitions.[4]

## VII. Conclusion

For the foregoing reasons, the court orders as follows:

1. Plaintiff's claims against the Derry Police Department and Officer Kidd are dismissed, without prejudice to his right to file an amended complaint against these defendants, within thirty days of this Order, alleging facts to state claims that his arrests by DPD officers in October 2018 and January 2019

_____

[4] The court held a telephone conference on August 23, 2019, two days after plaintiff filed his petitions for injunctive relief. Plaintiff, counsel for Fairways, and an officer from the county Sheriff's office participated. The conference resulted in defense counsel agreeing to arrange for plaintiff to retrieve personal property from his apartment. <u>See</u> ECF Dkt. Entry, Aug. 23, 2019.

13

violated his federal rights.  The amended complaint must identify the officers who arrested him on each occasion and must describe the circumstances of his arrest, upon which he asserts claims that the arresting officers lacked probable cause of other authority to arrest him.  To state a claim against the Derry Police Department, Chandler must clearly identify: (a) the alleged unconstitutional conduct of the DPD employees who arrested him; and (b) whether the employees' conduct was the result of a DPD policy or custom.

2.    All claims asserted in the against DPD Prosecutor Scott Jordan are dismissed with prejudice.

3.    All claims asserted against Chartwell Holdings, the Fairways Apartments and Karen Young are dismissed, without prejudice to plaintiff's right to file an amended complaint against these defendants within thirty days of this Order, stating additional facts regarding whether plaintiff requested but was denied a reasonable accommodation of his disability, upon which he may base a viable Fair Housing Act claim.

4.    All claims of criminal law violations are dismissed with prejudice.

5.    The state law tort claims against defendants Jessica Lori, Dale Thomas, John Delehante, 3rd, John Delehante, 4th, and Sarah Delehante are dismissed without prejudice to Chandler's ability to assert them in a new complaint filed in state court.

14

6.    The Fairway defendants' motion to dismiss (Doc. No. 6) is denied as moot.

7.    Plaintiff's motion for late entry of an objection to that motion to dismiss (Doc. No. 7) is also denied as moot.

8.    Plaintiff's motion for appointment of a special prosecutor (Doc. No. 9) is denied.

9.    Plaintiff's petition for Mandamus (Doc. No. 13) and Motion for Leave to Amend (Doc. No. 12) are denied.

10.   Plaintiff's petitions for ex-parte injunctive relief (Doc. Nos. 16 and 17) are denied.

SO ORDERED.


/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

September 13, 2019

cc:  Scott Chandler, pro se
     Michael P. Marsille, Esq.

15